UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICKEY L. FAY, JR., <br><br> Plaintiff, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., <br><br> Defendants. | CASE NO. C11-5458BHS <br><br> ORDER |

This matter comes before the Court on Plaintiff Mickey L. Fay, Jr.'s ("Fay") motion for preliminary injunction. Dkt. 7. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for preliminary injunction for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This matter arises out of a pending foreclosure action involving Fay's property. On June 14, 2011, Fay filed a complaint that contained therein an ex parte motion for TRO and preliminary injunction. Dkt. 1 at 15. On June 16, 2011, the Court denied Fay's motion for TRO and on June 22, 2011, the Court denied Fay's second motion for TRO.

On June 20, 2011, Fay filed a motion for preliminary injunction (Dkt. 7), which is now before the Court.

On September 13, 2011, the Court granted Fay's motion to amend his complaint. Dkt. 29. On September 19, 2011, Fay filed his amended complaint. Dkt. 30. Fay's complaint begins with the following statement: "[Fay], proceeding without counsel, hereby serves his Amended Verified Complaint and alleges claims against" Defendants. *Id*. at 1. Unless otherwise noted, the facts discussed herein are those as alleged by Fay in his complaint or amended complaint or those found within the documents he supplied to the Court as an attachment to his complaints.

On or about August 21, 2007, Fay executed a note secured by a deed of trust with Homecomings Financial, LLC ("Homecomings") for $294,000. Dkt. 1 ¶ 25. The deed of trust names Mortgage Electronic Registration System ("MERS") as a "nominee" and "beneficiary" of the trust. *Id*. On or about July 9, 2010, MERS, for Homecomings, assigned the deed of trust to Nationstar Mortgage, LLC ("Nationstar"). Dkt. 1 ¶ 28.

On or about March 21, 2011, Quality Loan Service Corporation of Washington ("QLS"), serving as trustee for Nationstar, notified Fay that he had defaulted on his loan and that his home would be sold at a trustees' sale on June 24, 2011, unless he paid the amount in arrears: $54,027.87. Dkt. 1, Exh. G at 1-3 (electronically recorded March 23, 2011). In Defendants' second response to Fay's motion for preliminary injunction, they

state that the trustees' sale was continued and rescheduled for September 30, 2011. Dkt. 34 at 2.[1]

Fay alleges what appears to be a "show me the note" argument; i.e., he "has not seen [the] original Note since the date it was executed." *Id*. at 34. However, he does concede that he has paperwork evidencing a transfer of the note from Homecomings to Nationstar. *Id*. In relying on this "show me the note" argument, Fay further argues that the default upon which QLS intends to sell his residence in foreclosure was erroneous. *See, e.g.*, *id*. ¶¶ 45-57.

Fay alleges that MERS is a named beneficiary but is not permitted to act as such. *See, e.g.*, Dkt. 1 ¶ 71 (demanding declaratory relief that MERS' service as a beneficiary under the subject deed of trust has no basis in Washington law or equity). This issue was recently stayed by a court in this district and a question certified to the Washington State Supreme Court. *See Bain v. OneWest*, No. C09-0149JCC (Dkt. 155 (order by Judge Coughenour staying case until the Washington State Supreme Court answers or declines to answer whether MERS may serve as a beneficiary under Washington's Deed of Trust Act)). As of this date, the *Bain* case remains stayed and the MERS beneficiary question is unanswered.

Based on the foregoing, Fay brings claims against Defendants for: (1) Disparity; (2) Breach of Contract; (3) Equitable Estoppel/Invalid Debt; (4) Erroneous Credit Reporting; (5) Foreclosure of Incorrect Note/Mistaken Promissory Note; (6) Forfeiture on

---

[1] As of the date of the signing of this order, the Court has not been made aware of whether the trustees' sale has been held.

1  Foreclosure; (7) Recoupment and Setoff/False Claim/Erroneous Alleged Default; (8)
2  Material Violations; and (9) Slander of Title.  Based on these claims, Fay demands that
3  the Court order the following: (1) permanent injunctive relief to stop any foreclosure
4  proceedings; (2) that the notice of default be rescinded; (3) judgment against Nationstar
5  and QLS for alleged violations of the Fair Debt Collection Practices Act (FDCPA) and
6  Fair Credit Reporting Act (FCRA) with such fees and damages as warranted by law; (4)
7  declaratory judgment that MERS is not a properly named beneficiary; and (5) a
8  preliminary injunction as to all activity in his case until his rights can be adjudicated.

## II.  DISCUSSION

### A.  Preliminary Injunction

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).  In addition, under the Ninth Circuit's sliding scale approach, "[a] preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (holding that the Ninth Circuit's "sliding scale" approach continues to be valid following the *Winter* decision).

1       As an initial matter, even if the Court assumes Fay were to prevail on his claims
2  under the FDCPA and FCRA, the appropriate relief is money damages, not an injunction.
3  *See* 15 U.S.C. §§ 1692k(a) & 1681n-o.  Therefore, he cannot show irreparable harm
4  based on these claims and thus, he is not entitled to an injunction based on such claims.
5       Next, even if the Court assumes, without deciding, that Fay can establish that the
6  elements of irreparable harm and public interest weigh in his favor with respect to his
7  remaining claims, the Court must still be satisfied that Fay has also established that the
8  balance of equities tips in his favor and that he is likely to succeed on the merits (to meet
9  the standard under *Winter*) or that the balance of equities tips sharply in his favor and that
10 serious questions going to the merits have been raised (to meet the standard under
11 *Alliance*).
12      With respect to the balance of equities, it is troubling to the Court in considering
13 whether this situation is deserving of a preliminary injunction in that Fay knew about the
14 potential foreclosure of his home for nearly three months prior to filing the instant
15 motion.  *See* Dkt. 1 ¶ 25 (notice of trustee's sale recorded on or about March 23, 2011;
16 Fay filed the instant motion on June 20, 2011).  Fay could have filed a motion for
17 preliminary injunction after receiving the notice of foreclosure, which would have
18 permitted a proper briefing schedule on which all parties could have participated prior to
19 the sale.  Instead, Fay delayed in bringing this action until four days before the originally
20 scheduled trustee's sale.  Put otherwise, the need for an injunction has been precipitated,
21 at least in part, by Fay. Thus, the balance of equities weighs in favor of Defendants.
22

Turning to the likelihood of success on, or serious questions raised to, the merits of Fay's claims, Fay has failed to make an adequate showing. Indeed it is unclear from his complaint and amended complaint exactly what claims he is trying to assert, although Defendants attempted to respond to the claims they understood Fay to be bringing. *See* Dkts. 19 & 34. Fay does not contend that he has made payments on his mortgage or that the arrearage of debt is not owed; nor does he dispute that he took out the $294,000 loan. He has failed to provide sufficient, competent evidence to refute the notice of sale which he received from QLS and supplied to the Court as an attachment to his motion. The notice of sale evidences that Fay, at the time the notice was served, was $54,027.87 in arrears on his mortgage. Dkt. 30, Ex. F.

Nonetheless, because Fay is proceeding pro se, the Court extends some latitude to his pleadings. In doing so, the Court finds that the bulk of Fay's arguments appear to rest on his assertion that Defendants are not the original creditors and therefore lack standing to foreclose on the mortgage at issue. However, as this Court has concluded previously, courts "have routinely held that [a defendant's] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.,* 2010 WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).[2] Further, whether or not Fay's case presents a question regarding MERS' beneficiary status that is similar to the issue stayed in *Bain* is irrelevant on the question of whether or not he can obtain a preliminary

---

[2] The Court's ruling in *Freeston*, 2010 WL 1186276, was affirmed in a Ninth Circuit memorandum opinion (Case No. 09-5560BHS, Dkts. 91, 93).

injunction. In short, Fay has failed to provide sufficient argument or competent evidence to establish that he is likely to prevail on the merits or that there are serious questions raised that go to the merits of his claims that could result in irreparable harm without an injunction.

Based on the foregoing, Fay has not met his burden to obtain a preliminary injunction.

### B. Fay's Other Causes of Action

Fay's other requests for relief (e.g., declaratory judgment that MERS is not a proper beneficiary) is not properly an issue for a preliminary injunction. Therefore, the Court does not address these issues herein. These issues can be addressed by the parties at the appropriate time.

## III. ORDER

Therefore, it is hereby **ORDERED** that Fay's motion for preliminary injunction is **DENIED**.

Dated this 27th day of October, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge