UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICKEY L. FAY, JR.,

    Plaintiff,

 v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

    Defendants.

CASE NO. C11-5458BHS

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS

This matter comes before the Court on Defendants Mortgage Electronic Registration Systems Inc. ("MERS"), Quality Loan Service Corporation of Washington ("Quality"), and Nationstar Mortgage, LLC's ("Nationstar") (collectively "Defendants") motion to dismiss the complaint. Dkt. 43. The Court has considered the pleadings filed in support of, and in opposition to, the motion and the remainder of the file. For the reasons set forth herein, the Court grants the motion to dismiss.

**I. FACTUAL BACKGROUND**

This matter arises out of a mortgage loan obtained by Plaintiff Mickey L. Fay, Jr. ("Fay") from Homecomings Financial, LLC ("Homecomings") to finance real property

located at 10911 209th Avenue East, Sumner, Washington 98391. *See* Dkt. 30. The Deed of Trust executed in connection with the promissory note identifies MERS as the beneficiary acting "solely as a nominee for Lender and Lender's successors and assigns." Dkt. 30 at 20. MERS, as nominal beneficiary, appointed Quality as successor trustee under the Deed of Trust, which was recorded on June 4, 2010. Dkt. 21 at 28-30. On March 23, 2010, Quality issued a Notice of Default, at which time Fay was $54,027.87 in arrears. *Id*. at 34-39. On July 9, 2010, MERS, as nominee for Homecomings, assigned all beneficial interest under the Deed of Trust to Nationstar. *Id*. at 32. Quality recorded the most recent Notice of Trustee's Sale on March 23, 2011, and set a sale date for June 24, 2011. *Id*. at 5-7.

In the complaint, Fay has asserted claims against Defendants for: (1) disparity ("show me the note" argument); (2) violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601, et seq.; (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (4) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.; (5) Foreclosure of Incorrect Note; (6) Forfeiture on Foreclosure; (7) Declaratory Relief regarding MERS; (8) Violations of the Deed of Trust Act; (9) Slander of Title; and (10) Injunctive Relief. Dkt. 30 at 5-9.

Because the Court accepts as true Fay's factual allegations for purposes of deciding the motion to dismiss (*see Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)), the Court adopts the allegations of fact contained in Fay's complaint. *See* Dkt. 30.

## II. PROCEDURAL HISTORY

On June 14, 2011, Fay filed a complaint alleging various claims against Defendants (Dkt. 1) and on September 19, 2011, filed an amended complaint (Dkt. 30). On December 14, 2011, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of all claims alleged against them in the Fay's amended complaint. Dkt. 43. On December 30, 2011, Fay responded (Dkt. 44) and on January 4, 2012, Defendants replied (Dkt. 45).

## III. DISCUSSION

Defendants move to dismiss with prejudice all of Fay's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 43.

**A. Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id*. To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful

in fact)." *Id*. at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**B.     Judicial Notice**

The Court will take judicial notice of public documents when the authenticity of such documents cannot reasonably be disputed. *See Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709-725-26 (2008). Here, as requested by Defendants, the Court takes judicial notice of the attachments to Fay's original complaint (Dkt. 1) and amended complaint (Dkt. 30) and the documents attached to Defendants' previously filed request for judicial notice (Dkt. 21) as well as the previously filed declaration of Timothy Donlong and attached exhibits (Dkt. 20) as the authenticity of such documents cannot reasonably be disputed.

**C.     Defendants' Motion to Dismiss**

**1.     "Show me the Note" Theory**

In his amended complaint, Fay alleges that Defendants are not the original creditors and therefore lack standing to foreclose on the mortgage at issue. Dkt. 30 at 5. However, as the Court has concluded previously, in both this case and others, courts "have routinely held that [a defendant's] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) (quoting Diessner v. Mortgage Electronic Registration Systems, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)); *see* Dkt. 39 at 6 (order denying Fay's motion for preliminary injunction). Accordingly, Fay's claim based on his "show me the note" theory is dismissed.

## 2. RESPA

Fay alleges that he submitted to "Defendant's purported loan servicer" a Qualified Written Request as defined by RESPA and "has never received any response and/or received an inadequate response" in violation of RESPA. Dkt. 30 at 5. RESPA provides in pertinent part:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). A "Qualified Written Request" ("QWR") is defined as a written document including the name and account of the borrower and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

As an initial matter, the Court notes that claims brought under RESPA can only lie against a servicer of a mortgage and therefore, Fay's RESPA claim, to the extent it was brought against Quality and MERS, must be dismissed. *See* § 2605(e). In addition, the Court concludes that Fay has not sufficiently pled his RESPA claim against Nationstar to survive Defendants' motion to dismiss. The complaint does not contain specific details alleging the date(s), the subject matter, or any other pertinent information that was in the alleged QWR. *See* Dkt. 30 at 5. Further, Fay did not allege sufficient information regarding his actual damages. *See id.*; *see also* 12 U.S.C. § 2605(f)(1) (requiring "actual

damages" as a result of defendants' conduct). Accordingly, Fay's RESPA claim will be dismissed.

**3. FDCPA**

Fay alleges that Defendants are in violation of the FDCPA, 15 U.S.C. § 1692, et seq.,[1] for failing to verify the alleged debt. Dkt. 30 at 5-6. Although Fay does not appear to dispute that he is in fact in default on the mortgage, it seems that he disputes the *amount* of the debt insofar as he has not received any verification of that amount. *Id*. Defendants assert that Fay has failed to show that Defendants, and specifically Nationstar, are debt collectors under the Act because he makes no allegations that Nationstar acquired the debt after the default occurred. Dkt. 43 at 9. In addition, Defendants state that even if they were considered debt collectors under the FDCPA, they maintain that the Notice of Default sent to Fay was adequate as a validation of debt under the Act. *Id*. & Dkt. 45 at 2-3.

The term "debt collector" does not include any person collecting or attempting to collect any debt owed or due or asserted owed or due another to the extent such activity . . . (iii) concerns a debt *which was not in default at the time it was obtained by such person*.

---

[1] Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.
> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).

15 U.S.C. § 1692a(6)(F) (emphasis added). "In other words, the [FDCPA] treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (citing cases).

First, the Court concludes that Fay's FDCPA claims, to the extent they are brought against Quality and MERS, must be dismissed as Fay has failed to make sufficient allegations to show that Quality or MERS was a servicer under the FDCPA. *See Lamb v. Mortgage Elec. Registration Sys.*, Case No. C11-5856RJB (W.D. Wash. Nov. 18, 2011). Further, even if the Court assumes Nationstar acquired the servicing rights after default, and therefore are debt collectors under the Act, Fay has failed to allege that the Notice of Default sent by Nationstar was inadequate as a validation of debt under the FDCPA. *See* Dkt. 21 at 34-39. Accordingly, the Court concludes that Fay's FDCPA claims must be dismissed.

**4. FCRA**

Fay next claims that Defendants violated the FCRA, citing § 1608, by "permitting or requesting [sic] erroneously reporting the alleged debt/obligations on the Plaintiff's credit report." Dkt. 30 at 6. Fay contends that he disputed the debt to credit reporting agencies; that he did not receive any response that the debt is valid; and that the debt remains on his credit report. *Id*. Defendants maintain that there is no private right of action under the FCRA and that the Act only applies to credit reporting agencies, which Defendants are not. Dkt. 43 at 10.

Section 1681s-2(b) of the FCRA does provide for a private right of action against a furnisher of information, as defined by the statute, based on a response (or lack thereof) to a notice of dispute received directly from the consumer or borrower. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Specifically, section 1681s-2(b) states that furnishers of information have the following duties upon notice of dispute:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

*Id*.

Section 1681s-2 does not require a furnisher of information to stop reporting a loan as delinquent just because the borrower claims that the debt is invalid. Here, Fay does not dispute that he is in default. It appears that Fay stopped making payments on his mortgage in or around June 2009, and although he claims that he has not received any

validation of the debt, the Court cannot find that there is any question that a debt in fact exists.

Moreover, even assuming that Fay "properly disputed" the debt to credit reporting companies as he claims, section 1681s-2(b) requires Defendants, as the apparent furnishers of information, to conduct an investigation and verify the debt with those credit reporting agencies. 15 U.S.C. § 1681s-2(b). In other words, Fay's claim that Defendants have yet to provide *him* directly with a "validation of the debt" does not, even if true, give rise to a FRCA claim where Fay submitted his notice of dispute to credit reporting agencies.

Accordingly, the Court concludes that Fay's FCRA claim must be dismissed.

**5.     Foreclosure of Incorrect Note**

The parties do not dispute that a foreclosure sale has not taken place on Fay's property. Accordingly, to the extent his claim involves "wrongful foreclosure," such claim must be dismissed because it is not ripe. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing and that claims be 'ripe' for adjudication."). In addition, to the extent Fay relies on his "show me the note theory" to support his "Foreclosure of Incorrect Note" claim, such claim must be dismissed as the "show me the note theory" is without merit. *See supra* Section III.C.1.

**6.      Forfeiture on Foreclosure**

Fay alleges in his amended complaint that certain transfers by Defendants of the promissory note in this case resulted in tax responsibilities that Defendants failed to meet. Dkt. 30 at 6-7. According to Fay, "[t]hese failures caused Defendant(s) forfeiture on foreclosure and hence the Defendant(s) lack standing to foreclose." Dkt. 30 at 7. However, the Court concludes that even if the alleged tax implications Fay asserts were true, which they are not, it would not affect Fay's debt of the Deed of Trust in this action. *See Hanson v. US Bank, et al.*, Case No. C11-5287RBL (W.D. Wash., Nov. 22, 2011).

**7.      Slander of Title**

Fay also asserts a claim for slander of title in connection with the Notice of Trustee's Sale. To establish a slander of title action, the plaintiff must establish words that (1) are false; (2) are maliciously published; (3) are spoken with reference to some pending sale or purchase of the property; (4) result in a pecuniary loss or injury to the plaintiff; and (5) defeat plaintiff's claim to title. *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 375 (1980).

First, the Court notes that no foreclosure sale has actually taken place with regard to Fay's property and that any previously scheduled sale has been statutorily discontinued because more than 210 days have passed since the most recent Notice of Trustee's Sale. *See* RCW § 61.24.040(1)&(6); *see also* Dkt. 21 at 5-7 (Notice of Trustee's Sale recorded March 23, 2011, scheduling the sale for June 24, 2011). Accordingly, Fay has failed to show that there is a "pending sale" for purposes of bringing his slander of title claim. Moreover, even if Fay could proceed with his claim and allege some falsity with respect

to the Notice of Trustee's Sale, the Court finds that Fay cannot meet the element of malicious publication. *Id*. ("[m]alice is not present where the allegedly slanderous statements were made in good faith and were prompted by a reasonable belief in their veracity"). Accordingly, the Court concludes that Fay's slander of title claim must be dismissed.

### 8. Declaratory Relief Regarding the Role of MERS

Fay bases his request for declaratory relief on his allegation that MERS is not entitled to act as the beneficiary under the Deed of Trust pursuant to the Washington Deed of Trust Act. *See* Dkt. 30 at 9. Defendants maintain that Fay's argument fails because Fay "cannot establish that he was misinformed about the MERS system, that he relied on any misinformation in entering into his home loan, or that he was injured by any misinformation." Dkt. 43 at 13.

The argument that MERS is not a proper beneficiary because MERS only tracks deeds instead of actually holding the deed has been consistently rejected by this Court. *See, e.g.*, *Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115, 1125-26 (W.D. Wash. 2010); *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417RAJ, 2010 WL 2102485 (W.D. Wash., May 20, 2010); *Moon v. GMAC Mortgage Corp.*, No. C08-969TSZ, 2008 WL 4741492 (W.D. Wash., Oct. 24, 2008). Fay has failed to allege facts or advance an argument that distinguishes his case from these recent cases. In addition, Fay signed a Deed of Trust that specifically states that MERS acts "as nominee for Lender and Lender's successors and assigns" and that MERS "has the right: to exercise any or all of those interests [granted by the borrower in the Deed of Trust],

including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . . ." Dkt. 21 at 12. Therefore, the Court concludes that Fay's claims based on the role of MERS as beneficiary must be denied.

**9.     Injunction**

Fay's claim for injunctive relief is based on his underlying claims. Because the Court is dismissing all of Fay's claims, as discussed above, his claim for injunctive relief must also be dismissed.

**10.     Material Violations of the Deed of Trust Act**

In their motion to dismiss, Defendants do not specifically address Fay's allegations regarding "material violations" of the Washington Deed of Trust Act. *See* Dkt. 43. In his amended complaint, Fay alleges that Defendants violated the Deed of Trust Act by making premature appointments of successor trustees and premature notices of default, among other issues. *See* Dkt. 30 at 8. The Court concludes that, because Fay's claims that give rise to the Court's subject matter jurisdiction are being dismissed, the Court declines to exercise supplemental jurisdiction over Fay's remaining state law claim regarding violations of the Deed of Trust Act. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it had original jurisdiction). This Court's dismissal does not prevent Fay from bringing his claim for violations of the Deed of Trust Act against Defendants in state court.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 43) is **GRANTED**, and Fay's claims are **DISMISSED**.

Dated this 22nd day of March, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge